Jacqueline M. **VERNEY,** Plaintiff,

v.

PENNSYLVANIA TURNPIKE COMMISSION, James J. Dodaro, Howard Yerusalim, Robert A. Brady, James F. Malone, III, John L. Sokol, Jr., S. Michael Palermo, Joseph L. Dirienzo, Samuel L. Carnabucci, Melvin M. Shelton, Walter J. Lawson, Louis R. Martin, Kevin F. Longenbach, Defendants.

Civ. A. No. 1:CV–95–15.

United States District Court, M.D. Pennsylvania.

March 27, 1995.

Thomas J. Dempsey, Pittsburgh, PA, for plaintiff Jacqueline M. Verney.

Gabriel L.I. Bevilacqua, Stephen M. Donweber, Cathleen M. Devlin, Saul, Ewing, Remick & Saul, Philadelphia, PA, for defendants Pennsylvania Turnpike Com'n, James J. Dodaro, Howard Yerusalim, Robert A. Brady, James F. Malone, III, John L. Sokol, Jr., S. Michael Palermo, Joseph L. Dirienzo, Samuel L. Carnabucci, Melvin M. Shelton, Walter J. Lawson, Louis R. Martin, Kevin F. Longenbach.

*MEMORANDUM*

CALDWELL, District Judge.

We are considering the Defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6).

I. *BACKGROUND*

This action arises from the Plaintiff's employment with the Pennsylvania Turnpike Commission ("Commission"). Beginning in August, 1978, Plaintiff was employed by the Commission as Assistant Chief Counsel. On September 14, 1992, Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), charging the Commission with unlawful sexual discrimination. She was terminated from her position on July 1, 1994.

Plaintiff instituted this action against the Commission (Count I) and various of its present and former employees (Count II)[1]. In Count I, she alleges that the Commission discharged her in retaliation for filing her EEOC complaint, in violation Title VII of the Civil Rights Act of 1964. In Count II, Plaintiff contends that the individual Defendants violated her due process rights under the Fourteenth Amendment.

II. *LAW AND DISCUSSION*

A. *Standard of Review*

■ When considering a motion to dismiss under Fed.R.Civ.P. 12(b)(6) "all facts alleged in the complaint and all reasonable inferences that can be drawn from them must be accepted as true." *Malia v. General Electric Co.*, 23 F.3d 828, 830 (3d Cir.), *cert. denied*, —— U.S. ——, 115 S.Ct. 377, 130 L.Ed.2d 328 (1994). The motion must be denied unless plaintiff cannot prove any facts in support of the claim which would entitle her to relief. *Rocks v. Philadelphia*, 868 F.2d 644, 645 (3d Cir.1989).

B. *Title VII Claim*

■ In Count I, the Plaintiff contends that she was fired because she filed a complaint with the EEOC charging the Commission with sexual discrimination. The Commission contends that Plaintiff failed to plead a prima facie case of retaliatory discharge, which requires Plaintiff to allege that: 1) she engaged in a protected activity; 2) she was subsequently or contemporaneously discharged; and 3) there was a causal link between the protected activity and her discharge. *Charlton v. Paramus Bd. of Educ.*, 25 F.3d 194, 201 (3d Cir.), *cert. denied*, —— U.S. ——, 115 S.Ct. 590, 130 L.Ed.2d 503 (1994) (citations omitted). If there is no direct evidence of a causal link, the Plaintiff "may use circumstantial evidence, including the length of time between when the employer received noticed of the protected activities and the employee's

---

1. At all times relevant to these proceedings, Defendants Dodaro, Yerusalim, Brady, and Malone were "members of the Commission". [Pl.'s Compl. ¶ 47]. Defendant Sokol was Executive Director of the Commission, and along with Defendants Palermo, Wilson, Di Rienzo, Carnabuc-

ci, Shelton, and Lawson, was a member of the Commission's personnel committee. Defendant Martin was Chief Counsel at the Commission and Defendant Longenbach was Deputy Chief Counsel.

termination." *Walker v. IMS America, Ltd.,* No. 94–4084, 1994 WL 719611, *8 (E.D.Pa. Dec. 22, 1994) (citing *Jalil v. Avdel Corp.,* 873 F.2d 701, 708 (3d Cir.1989), *cert. denied,* 493 U.S. 1023, 110 S.Ct. 725, 107 L.Ed.2d 745 (1990)).

█ It is undisputed that Plaintiff properly pled elements one and two of her prima facie case since she filed an EEOC complaint on September 14, 1992, [Pl.'s Compl. ¶ 20], and was terminated on July 1, 1994. [Pl.'s Compl. ¶ 25]. The dispute concerns whether she has alleged that there was a causal link between the filing of her EEOC complaint and the Commission's decision to terminate her. The Defendants advance the novel argument that, as a matter of law, there is no causal link between a protected activity and an adverse employment decision that occur 21½ months apart.

In support of this contention, the Commission cites a surfeit of cases which held that, absent other compelling evidence, there was no causal link between actions which occurred within time periods much shorter than 21½ months. *See, e.g., Rivadeneira v. City of Philadelphia,* No. 90–4979, 1994 WL 594122, at *10 (E.D.Pa. Oct. 31, 1994) (lapse of four months is too long for causal link absent other evidence); *Nixon v. Runyon,* 856 F.Supp. 977, 988 (E.D.Pa.1994) (same). *Walker,* 1994 WL 719611, at *8 (nine months). However, there is a crucial distinction between the cases cited by the Commission and the present action: those cases were decided on a motion for summary judgment, after a bench trial, or on a post-trial motion for judgment.[2] In each case, the plaintiff failed to introduce sufficient circumstantial evidence to establish a causal link between the protected activity and adverse employment decision.

In the present case, the Commission's argument relating to the lapse in time would, undoubtedly, be relevant on a motion for summary judgment. To withstand such a motion, Plaintiff would be required to establish a causal link between the EEOC filing and her termination with direct or circumstantial evidence. However, because of the procedural posture of this case, Plaintiff need only *allege* a causal connection between the protected activity and adverse decision. Her complaint asserts that she was terminated "because she made, and was prosecuting, a charge of unlawful employment practice against the Commission." [Pl.'s Compl. ¶ 26]. This sufficiently asserts a causal link between the filing of the EEOC complaint and Plaintiff's termination. Accordingly, Defendants' motion to dismiss Count I will be denied.

### C. *Section 1983 Claim*

█ In Count II, Plaintiff claims that she was denied procedural due process when she was terminated without cause and without a hearing. In order to prevail on a claim pursuant to 42 U.S.C. § 1983, the Plaintiff must prove that she was deprived of a federal right (here a deprivation of liberty or property without due process of law) by someone acting under color of state law. *Gomez v. Toledo,* 446 U.S. 635, 640, 100 S.Ct. 1920, 1923, 64 L.Ed.2d 572, 577 (1980). Plaintiff alleges that the individual Defendants each participated in the decision to discharge her [Pl.'s Compl. ¶ 54], and that they acted intentionally and in concert with each other to deprive her of her liberty and/or property interest in continued employment with the Commission. [Pl.'s Compl. ¶ 57, 58].

█ The individual Defendants contend that they enjoyed qualified immunity with respect to the decision to terminate Plaintiff and that Plaintiff possessed no liberty or property interest in her employment with the

---

**2.** *See, e.g., Nixon,* 856 F.Supp. at 988 (post-trial motion); *Washington v. Court of Common Pleas,* 845 F.Supp. 1107 (E.D.Pa.1994) (post-trial motion for judgment as a matter of law), *rev'd,* 47 F.3d 1163 (3d Cir. Jan. 5, 1995); *Walker,* 1994 WL 719611, at *8 (summary judgment); *Lindsay v. Valley Forge Military Academy,* No. 93–3217, 1994 WL 675513 (E.D.Pa. Nov. 23, 1994) (summary judgment); *Rivadeneira,* 1994 WL 594122, at *10 (summary judgment); *Bell v. Supermarkets General Corp.,* No. 92–4558, 1993 WL 429011 (E.D.Pa. Oct. 20, 1993) (summary judgment), *aff'd,* 27 F.3d 555 (3d Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 580, 130 L.Ed.2d 495 (1994); *Hughes v. Derwinski,* 967 F.2d 1168 (7th Cir. 1992) (summary judgment); *Cooper v. City of North Olmsted,* 795 F.2d 1265 (6th Cir.1986) (judgment after bench trial).

Commission, and therefore, was not deprived of a federal right. The test for qualified immunity was set forth by the Supreme Court in *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982), where it held that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.* at 818, 102 S.Ct. at 2738, 73 L.Ed.2d at 410. Thus, we must engage in a two-part analysis: whether Plaintiff had a clearly established constitutional right and whether that right was violated. *Giuffre v. Bissell*, 31 F.3d 1241, 1255 (3d Cir.1994).

 Qualified immunity applies when "reasonable officials in the defendants' position at the relevant time could have believed, in light of what was in the decided case law, that their conduct would be lawful." *Good v. Dauphin County Social Servs. for Children and Youth*, 891 F.2d 1087, 1092 (3d Cir. 1989).[3] It is an affirmative defense, and, as such, must be raised and proved by the Defendants. *See Ryan v. Burlington County*, 860 F.2d 1199, 1204 n. 9 (3d Cir.1988). It can be raised at any time, including prior to the commencement of discovery on a motion to dismiss. *See, e.g., Acierno v. Cloutier*, 40 F.3d 597, 622 (3d Cir.1994). "However, a motion to dismiss based on the defense of qualified immunity will prevail only if the actor's immunity is clear from the face of the complaint." *Roberts v. County of Delaware*, No. 94–608, 1995 WL 51679, *2 (E.D.Pa. Feb. 8, 1995) (citing *Gilbert v. Feld*, 788 F.Supp. 854, 861 (E.D.Pa.1992); *Schrob v. Catterson*, 948 F.2d 1402, 1408 (3d Cir.1991)).

 The first issue that we must address is whether the Third Circuit requires a heightened pleading standard for cases against individual government officials. Prior to 1993, many courts, including the Third

Circuit, required a heightened pleading standard in all civil rights actions. *See, e.g., Colburn v. Upper Darby Township*, 838 F.2d 663, 668 (3d Cir.1988), *cert. denied*, 489 U.S. 1065, 109 S.Ct. 1338, 103 L.Ed.2d 808 (1989). However, in *Leatherman v. Tarrant County*, — U.S. —, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993), the Court held that

> it is impossible to square the "heightened pleading standard" applied by the Fifth Circuit in this case with the liberal system of "notice pleading" set up by the Federal Rules. Rule 8(a)(2) requires that a complaint include only a "short and plain statement of the claim showing that the pleader is entitled to relief."

*Id.* at —, 113 S.Ct. at 1163, 122 L.Ed.2d at 524. In addition, the Court opined that "if Rules 8 and 9 were rewritten today, claims against municipalities under § 1983 might be subjected to the added specificity requirement of Rule 9(b)." *Id.* However, the Court concluded that such a result would have to be attained through amendment of the Federal Rules, not by judicial interpretation. *Id.* Thus, the rule is clear: there can be no heightened pleading standard in section 1983 claims against municipalities.

In *Leatherman*, the Court also stated that it had "no occasion to consider whether our qualified immunity jurisprudence would require a heightened pleading in cases involving individual government officials." *Id.* at —, 113 S.Ct. at 1162, 122 L.Ed.2d at 523. Here, we are faced with the precise issue left unanswered by the Supreme Court. "Principles of stare decisis command this court to follow the law of the circuit, as set forth by the Third Circuit, unless and until the Supreme Court directs to the contrary." *Taras v. Commonwealth Mortgage Corp.*, 136 B.R. 941, 948 (E.D.Pa.1992) (citing *Litman v. Massachusetts Mutual Life Ins. Co.*, 825 F.2d 1506, 1508 (11th Cir.1987), *cert. denied*, 484 U.S. 1006, 108 S.Ct. 700, 98 L.Ed.2d 652

---

**3.** This test was later miscited by the Third Circuit to state that "qualified immunity does not apply if 'reasonable officials in the defendants' position at the relevant time could have believed, in light of what was in the decided case law, that their conduct would be unlawful.'" *Acierno v. Cloutier*, 40 F.3d 597, 616 (3d Cir.1994); *Abdul–Akbar v. Watson*, 4 F.3d 195, 202 (3d Cir.1993). How-

ever, in its most recent pronouncement in this area, the Third Circuit opined that the language set forth originally in *Good* is the appropriate test, and that the language cited in *Acierno* and *Abdul–Akbar* was in error. *In re: City of Philadelphia Litigation*, 49 F.3d 945, 973 n. 14 (3d Cir.1995).

(1988); *Spannaus v. United States Dep't of Justice,* 824 F.2d 52, 55 (D.C.Cir.1987)). "Absent a Supreme Court decision to the contrary, district courts are compelled to follow the mandates of appellate courts." *Id.* (citing *Litman,* 825 F.2d at 1508). "[U]ntil action by the Supreme Court or an en banc panel ... supervenes, we must adhere to the law of the circuit." *Id.* (citing *Spannaus,* 824 F.2d at 55).

■ Because the Supreme Court did not address this issue in *Leatherman,* and the Third Circuit has not revisited the issue since that decision, we must apply the pre-*Leatherman* standard of the Third Circuit. Prior to *Leatherman,* the Third Circuit required plaintiffs in all civil rights cases to allege, with some degree of factual specificity, the particular conduct of the defendants that violated the plaintiffs' Constitutional rights. *See Colburn v. Upper Darby Township,* 838 F.2d·663, 668 (3d Cir.1988), *cert. denied,* 489 U.S. 1065, 109 S.Ct. 1338, 103 L.Ed.2d 808 (1989); *Schrob v. Catterson,* 948 F.2d 1402, 1421 (3d Cir.1991) (heightened pleading standard in actions against individual government defendants). We conclude that there remains a heightened pleading standard in this circuit in section 1983 actions involving qualified immunity against individual government

defendants. This result is consistent with the majority of decisions rendered on this issue since *Leatherman. See, e.g., Schultea v. Wood,* 27 F.3d 1112, 1115 n. 2 (5th Cir. 1994) (courts must follow pre-*Leatherman* law of circuit because Supreme Court did not address qualified immunity issue), *aff'd en banc,* 47 F.3d 1427, 1429–30 (5th Cir.1995)⁴; *Branch v. Tunnell,* 14 F.3d 449, 457 (9th Cir.) (same), *cert. denied,* —— U.S. ——, 114 S.Ct. 2704, 129 L.Ed.2d 832 (1994) (same); *Biase v. Kaplan,* 852 F.Supp. 268, 287 n. 15 (D.N.J.1994) (same).⁵

■ Therefore, we turn to the issue of whether the Plaintiff has pled, with sufficient specificity, the conduct which violated her Constitutional rights. "Where a Section 1983 plaintiff claims a procedural due process violation, his claim is dependent upon the denial of a constitutionally protected property or liberty interest." *Skepton v. East Penn School District,* No. 94–4681, 1994 WL 665552, *2 (E.D.Pa. Nov. 17, 1994) (citations omitted). To succeed on her claim, the Plaintiff must have been deprived of a Constitutional right, here a property interest in her continued employment with the Commission.⁶ In *Board of Regents of State Colleges*

4. In its en banc consideration of·*Schultea,* the Fifth Circuit revised its pre-*Leatherman* heightened pleading standard in actions against individual government officials. Although the court found that *Leatherman* did not compel such a change, it adopted a rule that allows district courts to require a plaintiff to reply in detail and with particularity, pursuant to Fed.R.Civ.P. 7, to a defendant's motion to dismiss on qualified immunity grounds. *Schultea,* 47 F.3d at 1433. In adopting this approach, the court avoided reliance on the particularity requirements set forth in Fed.R.Civ.P. 9, thus bypassing the dilemma identified by the Court when it invalidated the heightened. pleading standard in *Leatherman.* Although the Fifth Circuit's approach is attractive, we are constrained to follow Third Circuit precedent.

The Supreme Court may resolve the issue in a case in which it recently granted certiorari. *Kimberlin v. Quinlan,* 6 F.3d 789 (D.C.Cir.1993, *reh'g denied en banc,* 17 F.3d 1525 (D.C.Cir. 1994), *cert. granted,* —— U.S. ——, 115 S.Ct. 929, 130 L.Ed.2d 876 (1995). However, even though the Petitioner raised the issue in his brief, *see Brief of Petitioner,* No. 93–2068, 1995 WL 89265 (March 1, 1995), the court could decide the case without a definitive ruling since the action arose

in the context of a motion for summary judgment, and not on a motion to dismiss.

5. Numerous decisions from the Eastern District have concluded that after *Leatherman* there is no heightened pleading standard in any civil rights action, including suits against individual government officials. *See, e.g., Alexander v. Hargrove,* No. 93–5510, 1994 WL 313059 (E.D.Pa. June 28, 1994); *Comp v. Warren,* No. 93–5436, 1994 WL 30303 (E.D.Pa. Feb. 3, 1994); *Timmons v. Cisneros,* No. 93–1854, 1993 WL 276863 (E.D.Pa. July 22, 1993). However, we decline to follow these decisions unless and until the Supreme Court addresses this issue or the Third Circuit revisits it in light of *Leatherman.*

6. Plaintiff also contends that she had a liberty interest in her employment that was violated by the Defendants' actions. However, in order to succeed on such a claim, "a plaintiff must plead that the allegedly stigmatizing information was 'published' or otherwise disseminated by his government employer to the public." *Chabal v. Reagan,* 841 F.2d 1216, 1223 (3d Cir.1988) (citation omitted). Plaintiff's complaint contains no such allegation.

*v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972), the Court held that:

> To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it. . . .

*Id.* at 577, 92 S.Ct. at 2709, 33 L.Ed.2d at 561. We look to state law to ascertain whether such a property or liberty interest exists. *Carter v. City of Philadelphia,* 989 F.2d 117, 120 (3d Cir.1993). In Pennsylvania, public employees are employees at-will unless he or she "demonstrate[s] entitlement to a property interest created expressly by state statute or regulation or arising from government policy or a mutually explicit understanding between a government employer and an employee." *Id.* (citation omitted); *see also Sanguigni v. Pittsburgh Bd. of Public Educ.,* 968 F.2d 393, 401 (3d Cir.1992) (citation omitted) ("property interest in state employment exists where an employee has a legitimate claim of entitlement to such employment under state law, policy, or custom").

 Plaintiff does not argue that a state statute or regulation created a property interest in her employment with the Commission. Rather, she alleges that "[a]t the time of the discharge of [Plaintiff] on July 1, 1994, and for the entire time of her employment with the Commission, the employment policies and practices of the Commission were such that [Plaintiff] had a liberty or property interest in her continued employment with the Commission as an Assistant Chief Counsel." [Pl.'s Compl. ¶ 59]. Defendants argue that this allegation is insufficient to withstand a motion to dismiss because Plaintiff does not sufficiently identify the policies and practices which provided the avowed property interest in her employment with the Commission. We agree.

The Third Circuit's decision in *Sanguigni v. Pittsburgh Bd. of Public Educ., supra,* is persuasive, if not controlling, to the outcome of Defendants' motion. In *Sanguigni,* the plaintiff alleged that the defendants violated her Fourteenth Amendment rights by removing her from her employment position without procedural due process. In her complaint, she alleged that she had a property interest in continued employment "as a result of the past practices of [her employer]." *Sanguigni,* 968 F.2d at 401. The Court, citing *Colburn, supra,* held that "this conclusory allegation without more is plainly insufficient to satisfy our requirement that claims of this nature be pled with some specificity." *Id.* (citations omitted).

Similarly, the Plaintiff in the present case has alleged only that past "employment policies and practices of the Commission" established her property interest in continued employment. [Pl.'s Compl. ¶ 59]. This bare allegation is not sufficient to assert a property right in continued employment with the Commission. Therefore, Defendants' motion to dismiss for failure to state a claim is granted. We will, however, allow Plaintiff to file an amended complaint that conforms with the Third Circuit's heightened pleading standard in actions against individual government officials.

## ORDER

AND NOW, this 27th day of March, 1995, upon consideration of Defendants' motion to dismiss filed February 6, 1995, it is ordered that:

1. The motion is granted in part and denied in part.

2. Count II of Plaintiff's complaint is dismissed.

3. Plaintiff may file an amended complaint within 20 days of the date of this Order.

4. The motion is denied in all other respects.