John Lee **BRILEY** and Deanna **Briley, Plaintiffs,**

v.

The **CITY OF TRENTON,** et al., **Defendants.**

Civ. A. No. 95–3443 (AET).

United States District Court, D. New Jersey.

Oct. 6, 1995.

Patrick J. Whalen, Lowenstein, Sandler, Kohl, Fisher & Boylan Raritan, NJ, for Plaintiffs, John L. and Deanna Briley.

Rocky L. Peterson, Office of City Attorney, Trenton, NJ, for defendants, The City of Trenton, Trenton Police Chief Ernest A. Williams and Officer Darren Zappley.

MEMORANDUM

WOLFSON, United States Magistrate Judge.

Presently before the Court is defendants' motion, pursuant to *Fed.R.Civ.P.* 12(e), for a more definite statement. The Court has considered both the moving and the opposition briefs. For the following reasons, defendants' motion is denied.

*Background*

On July 13, 1995, plaintiffs, Mr. John Briley and his wife, Deanna Briley, instituted this § 1983 action against defendants, the city of Trenton, the Trenton Police Department, Trenton Police Chief Ernest A. Williams, Officer Darren Zappley, and John Does 1–8, unknown police officers of the City of Trenton, in both their individual and official capacities. Plaintiffs assert that, on July 10, 1994, officers of the Trenton Police Department arrived at plaintiffs' home and maliciously assaulted plaintiff John Briley. *Plaintiffs' Complaint* at ¶¶ 8–14. Plaintiffs allege that the officers ignored John Briley's requests for medical assistance, and that Mr. Briley finally received medical attention after six hours of detention in a holding cell. *Plaintiffs' Complaint* at ¶¶ 19–20. Plaintiffs further allege that officers of the Trenton Police Department wrongfully arrested, charged, and detained them.

Count One of plaintiffs' complaint, which concerns the allegations of excessive force used by the Trenton police, provides:

The actions of Defendants, acting under color of state law, deprived Plaintiff of his rights, privileges and immunities under the laws of the Constitution of the United States, in violation of 42 *U.S.C.* § 1983, as well as the laws of the State of New Jersey; in particular, the rights to be secure in his person and home, to be free from excessive use of force and to due process.

*Plaintiffs' Complaint* at ¶ 34.

Count Three of plaintiffs' complaint, which concerns the officers' alleged indifference to John Briley's medical needs, asserts that defendants' actions deprived plaintiffs of "the right not to be subjected to cruel and unusual punishment, the right to be secure in his person and home, and to due process." *Plaintiffs' Complaint* at ¶¶ 38, 43.

The Fifth and Sixth Counts of plaintiffs' complaint concern the allegations of false

arrest and malicious prosecution. The Fifth Count alleges that defendants' conduct "resulted in Plaintiff, Deanna Briley, being falsely, maliciously and unlawfully arrested and detained, and Plaintiff was deprived of her rights as secured by the 4th and 14th Amendments of the Constitution of the United States and 42 *U.S.C.* § 1983." *Plaintiffs' Complaint* at ¶ 49. The Sixth Count asserts that the actions of defendant Zappley deprived plaintiff of the "rights to be secure in his person and home, to be free from excessive use of force, to due process, and to not be subjected to cruel and unusual punishment." *Plaintiffs' Complaint* at ¶ 54.

Counts Seven and Eight concern the alleged failure of the City of Trenton, the Trenton Police Department, and Police Chief Williams to supervise, instruct, and train police officers regarding arrests and the use of force. These Counts provide that defendants' actions deprived plaintiffs of their rights "to be secure in their persons and home, to be free from excessive use of force, to due process, and not to be subject to cruel and unusual punishment." *Plaintiffs' Complaint* at ¶¶ 74, 83.

Count Nine, brought pursuant to the New Jersey Tort Claims Act, *N.J.S.A.* § 59:1.1, et seq., alleges that defendants' conduct constituted, among other things, assault, battery, false imprisonment, and false arrest. *Plaintiffs' Complaint* at ¶ 86. Count Nine further provides that:

> By the unlawful search and seizure of Plaintiffs' persons, and the Defendants' ensuing conduct on July 10, 1994, the Defendant police officers intentionally deprived Plaintiffs of their rights to be secure in their persons and home, to be free from unreasonable searches, to not be subjected to cruel and unusual punishment, and their right to be free from the loss of liberty with due process of law as guaranteed by Article I, paragraphs 1 and 7 of the New Jersey Constitution, and the New Jersey Tort Claims Act, *N.J.S.A.* 59:1–1, et seq.

*Plaintiffs' Complaint* at ¶ 89.

In support of their motion, defendants contend that the First, Third, Sixth, Seventh, Eight, and Ninth Counts of plaintiffs' complaint are deficient because these Counts fail to articulate which constitutional, statutory, or common law rights defendants allegedly violated. Defendants further claim that the complaint is improperly pled because the counts assert several causes of action within single paragraphs. *Defendants' Brief* at 1. Defendants claim that, because of these deficiencies, they are unable to meaningfully respond to plaintiffs' complaint.

In opposition, plaintiffs contend that their complaint complies with the requirements of *Fed.R.Civ.P.* 8(a) and (e). Plaintiffs further assert that defendants erroneously seek to have this Court impose a heightened pleading requirement in this § 1983 action, a requirement which plaintiffs maintain was specifically rejected by the Supreme Court in *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993).

### Discussion

The Court will first address whether the Third Circuit's heightened pleading standard for civil rights actions survived the Supreme Court's ruling in *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993). Prior to *Leatherman*, the Third Circuit imposed a heightened pleading requirement in all § 1983 cases. *Colburn v. Upper Darby Township*, 838 F.2d 663, 666 (3d Cir.1988), *cert. denied*, 489 U.S. 1065, 109 S.Ct. 1338, 103 L.Ed.2d 808 (1989); *see also McArdle v. Tronetti*, 961 F.2d 1083, 1089 (3d Cir.1992).

In *Leatherman*, the Supreme Court rejected the Fifth Circuit's application of a heightened pleading requirement to § 1983 actions alleging municipal liability. The Court found it "impossible to square the 'heightened pleading standard' applied by the Fifth Circuit in this case with the liberal system of 'notice pleading' set up by ... Federal Rule [8(a)(2) ]." *Id.*, 507 U.S. at 168, 113 S.Ct. at 1163. The Court noted that Rule 9(b) requires pleading with particularity in two specific instances—actions alleging fraud and mistake. *Id.* The Court determined that Rule 9(b)'s omission of actions against municipalities indicated that such actions were not intended to be subject to the

Rule's particularity requirement. *Id.* ("*Expressio unius est exclusio alterius,*" or the expression of one thing is the exclusion of another). The Court further noted that if "Rules 8 and 9 were rewritten today, claims against municipalities under § 1983 might be subjected to the added specificity requirement of Rule 9(b)." *Id.* at 168, 113 S.Ct. at 1163. The Court admonished, however, that such a requirement could arise only by an amendment to the Rules, and not by judicial interpretation. *Id.* Thus, *Leatherman* establishes the rule that there is no heightened pleading requirement in § 1983 actions alleging municipal liability. *See Verney v. Pennsylvania Turnpike Comm'n,* 881 F.Supp. 145, 149 (M.D.Pa.1995). To the extent that the Third Circuit case law previously imposed such a requirement, the Court finds that this requirement has been overruled by *Leatherman.*

In announcing this rule, the Supreme Court, however, specifically declined to rule with respect to pleading requirements in § 1983 actions against individual officers. The Court stated, "We ... have no occasion to consider whether our qualified immunity jurisprudence would require a heightened pleading standard in cases involving individual government officers." *Id.,* 507 U.S. at 166–67, 113 S.Ct. at 1162. In declining to consider this issue, the Court emphasized that, "[U]nlike various government officials, municipalities do not enjoy immunity from suit—either absolute or qualified—under § 1983." *Id.,* at 166, 113 S.Ct. at 1162.

■ Because the Supreme Court declined to rule with respect to individual officers, the doctrine of stare decisis compels this Court apply the Third Circuit's heightened pleading standard to § 1983 actions against government officers in their individual capacity. *See Verney,* 881 F.Supp. at 149–50 (citing *Taras v. Commonwealth Mortgage Corp. of America,* 136 B.R. 941, 948 (E.D.Pa.1992); *Spannaus v. United States Dep't of Justice,*

824 F.2d 52, 55 (D.C.Cir.1987) ("[U]ntil action by the Supreme Court or an *en banc* panel of this court supervenes, we must adhere to the law of the circuit."); *Litman v. Massachusetts Mut. Life Ins. Co.,* 825 F.2d 1506, 1508 (11th Cir.1987) ("Absent a Supreme Court decision to the contrary, district courts are compelled to follow mandates of appellate courts."), *cert. denied,* 484 U.S. 1006, 108 S.Ct. 700, 98 L.Ed.2d 652 (1988)); *see also Hammond v. Commonwealth Mortgage Co. of America,* 156 B.R. 943, 947 (E.D.Pa.1993) ("In view of the Supreme Court's reticence, principles of stare decisis command this Court to follow the law as set forth by the Court of Appeals for the Third Circuit"), *aff'd,* 27 F.3d 52 (3d Cir.1994).

As discussed above, the Supreme Court in *Leatherman* expressly reserved judgment regarding the applicability of a heightened pleading standard in § 1983 actions against individual officers, and the Third Circuit has not reconsidered the issue in the wake of *Leatherman.* Thus, the Court finds that the Third Circuit's application of a heightened pleading requirement to § 1983 actions against individual officers has continued vitality and is, therefore, binding upon this Court. *See Verney,* 881 F.Supp. at 150 (citing *Schultea v. Wood,* 27 F.3d 1112, 1115 n. 2 (5th Cir.1994) (*Leatherman* did not disturb precedent imposing a heightened pleading requirement in § 1983 cases against individual officers), *aff'd en banc,* 47 F.3d 1427, 1429–30 (5th Cir.1995); *Branch v. Tunnell,* 14 F.3d 449, 456–57 (9th Cir.) (same), *cert. denied,* —— U.S. ——, 114 S.Ct. 2704, 129 L.Ed.2d 832 (1994); *Biase v. Kaplan,* 852 F.Supp. 268, 287 n. 4 (D.N.J.1994) (heightened pleading standard required in a *Bivens* action to withstand a defense of qualified immunity survived *Leatherman* )); *see also Loftus v. Southeastern Pennsylvania Transp. Auth.,* 843 F.Supp. 981, 985 (E.D.Pa. 1994) (the rationale of *Leatherman* applies to all § 1983 claims, with the exception of claims against individual officers).[1]

---

1. As did the court in *Verney,* 881 F.Supp. at 150 n. 5, this Court also declines to follow the holdings of several courts which have found that *Leatherman* is applicable to all § 1983 actions, including those against officers individually. *See Williams v. Borough of Norristown,* No. CIV. A.

94–6981, 1995 WL 422684 at *2, n. 3 (E.D.Pa. July 11, 1995); *Johnson v. Kafrissen,* No. CIV. 95–855, 1995 WL 355289 at *2 (E.D.Pa. June 5, 1995); *Bieros v. Nicola,* 860 F.Supp. 223, 225 (E.D.Pa.1994); *Brison v. Tester,* No. CIV. A. 94–2256, 1994 WL 709401 at *25 n. 4 (E.D.Pa. Dec.

■ With this background of legal principals, the Court turns to the question of whether defendants' motion for a more definite statement should be granted pursuant to *Fed.R.Civ.P.* 12(e). Rule 12(e) provides that a party may seek a more definite statement "if a pleading ... is so vague or ambiguous that [the] party cannot reasonably be required to frame a responsive pleading." *See also Frazier v. Southeastern Pennsylvania Transp. Auth.*, 868 F.Supp. 757, 763 (E.D.Pa. 1994). Motions for a more definite statement are disfavored, and are generally limited to remedying unintelligible, rather than insufficiently detailed, pleadings. *Resolution Trust Corp. v. Gershman*, 829 F.Supp. 1095, 1103 (E.D.Mo.1993).

■ The Court finds that plaintiffs' complaint sufficiently alleges claims against the City of Trenton and against the officers individually. With respect to the City of Trenton, plaintiffs' complaint need only meet the notice pleading requirements of Rule 8(a)(2), as mandated by *Leatherman*. Rule 8(a)(2) requires a complaint to allege only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957), the Supreme Court explained that a complaint need not "set out in detail the facts upon which" the complaint is based, but rather must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."

In this case, the complaint sets forth in detail the facts supporting its claims against the City of Trenton, and gives defendants ample notice of plaintiffs' claims. Defendant appears frustrated with the notice pleading system codified in Rule 8(a)(2). However, "such impatience with the notice pleading system embodied in the Federal Rules is foreclosed by the Supreme Court's decision in *Leatherman....*" *Brader v. Allegheny Gen. Hosp.*, 64 F.3d 869 (3d Cir.1995).

■ With respect to the claims against the officers individually, plaintiffs' complaint meets the heightened pleading standard articulated by the Third Circuit prior to *Leatherman*. A § 1983 complaint will withstand a motion to dismiss pursuant to *Fed.R.Civ.P.* 12(b)(6) if the complaint alleges "the specific conduct violating the plaintiff's rights, the time and the place of that conduct, and the identity of the responsible officials." *Colburn*, 838 F.2d at 666. The complaint in this actions sets forth all of the relevant information required by Third Circuit precedent. Hence, the Court finds that the complaint is sufficiently detailed in all respects, and defendants' motion for a more definite statement is denied.

The Court finds, however, that plaintiffs have lumped several causes of action into single paragraphs, and orders that plaintiffs allege each cause of action in a separate paragraph.

For the foregoing reasons, defendants' motion for a more definite statement pursuant to *Fed.R.Civ.P.* 12(e) is denied. An appropriate order shall follow.

21, 1994); *Walker v. Townsend*, No. Civ. A. 94–4109, 1994 WL 530161 at *7 n. 3 (E.D.Pa. Sept. 29, 1994); *Alexander v. Hargrove*, No. CIV. 93–5510, 1994 WL 313059 at *5 (E.D.Pa. June 28, 1994); *Timmons v. Cisneros*, No. Civ. A. 93–1854, 1993 WL 276863 at *1 (E.D.Pa. July 22, 1993).

Instead, the Court finds the reasoning in *Biase v. Kaplan*, 852 F.Supp. 268, 287 n. 15 (D.N.J. 1994) persuasive. *Biase* involved a *Bivens* action. The court in that case concluded that *Leatherman* should not apply to actions against individual officers in light of their entitlement to a defense of qualified immunity. The court noted the Supreme Court's heavy reliance upon the unavailability of an immunity defense to municipalities in reaching its decision in *Leatherman*. *Id.* Thus, the court found that "the considerations which underlie the heightened pleading standard in *Bivens* cases did not underlie the heightened pleading standard invalidated by the Court in *Leatherman.*" *Id.* The rationale underlying a heightened pleading requirement in actions against individual officers is to accommodate the individual officers' right to immunity from suits for damages and from the discovery process. *See Schultea v. Wood*, 47 F.3d 1427, 1430 (5th Cir.1995). While the complaint in this case does not allege a *Bivens* cause of action, officials sued in § 1983 actions are equally entitled to assert a qualified immunity defense. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1992) ("[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."); *see e.g. Schultea*, 47 F.3d at 1430.

## ORDER

This matter having been opened to the Court by Lyle P. Hough, Jr., Esq., Assistant City Attorney, on behalf of Rocky L. Peterson, City Attorney for the city of Trenton, counsel for defendants, seeking an Order for a more definite statement pursuant to *Fed. R.Civ.P.* 12(e), and the opposition thereto, and having set forth its reasoning in a Memorandum entered upon this date, this matter having been considered pursuant to *Fed. R.Civ.P.* 78, and for good cause shown,

IT IS on this 6th day of October, 1995,

ORDERED that defendants' motion for a more definite statement is denied; and it is further

ORDERED that plaintiffs shall amend their complaint to allege each cause of action within a single paragraph; and it is further

ORDERED that plaintiffs shall file their amended complaint within 10 days of the date of this Order.