Warren C. CARTER, Appellant,

v.

CITY OF PHILADELPHIA; Willie
L. Williams; Orville W. Jones;
Linda L. Seyda.

No. 92–1483.

United States Court of Appeals,
Third Circuit.

Argued Jan. 5, 1993.

Decided March 19, 1993.

Howard Lebofsky (argued), Goren & Lebofsky, P.C., Fort Washington, PA, for appellant.

Judith E. Harris, City Sol., John P. Straub, Chief Deputy in Charge of Sp. Litigation, Lek Domni (argued), Office of City Sol., Philadelphia, PA, for appellees.

Before: MANSMANN and NYGAARD, Circuit Judges, and RODRIGUEZ, District Judge.[*]

## OPINION OF THE COURT

MANSMANN, Circuit Judge.

We address a conflict between the Pennsylvania Veterans' Preference Act, 51 Pa. Cons.Stat.Ann. § 7104(b), which confers a preference to armed forces veterans seeking civil service promotions, and Philadelphia Civil Service Regulation 9.024, which specifically denies veterans any favorable treatment in promotion considerations.

In a complaint filed in the Pennsylvania state courts, Philadelphia police officer Warren C. Carter alleged that, in violation of state and federal laws, the City of Philadelphia and its police department's administrative personnel failed to implement the Pennsylvania statute when he applied for promotion to the position of police sergeant. Count IV of the complaint, brought pursuant to 42 U.S.C. § 1983, asserted that the failure to utilize the Pennsylvania Veterans' Preference Act deprived Carter of a property right secured by the Constitution.

Because of the presence of the federal claim, the defendants removed the action to the United States District Court for the Eastern District of Pennsylvania. On a motion to dismiss, the district court held that the authority of local governments to legislate municipal functions, granted by the Home Rule Act, 53 Pa.Stat.Ann. § 13131 (1949), dictated enforcement supersedence to the Philadelphia Civil Service

Regulations, overriding the state preference statute.

We will vacate and remand. The Pennsylvania Veterans' Preference Act explicitly directs that the preference is to be applied in all of the Commonwealth's political subdivisions. 51 Pa.Cons.Stat.Ann. § 7109. The Philadelphia Civil Service Regulation, repudiating the preference, is in conflict with state law and is therefore invalid.

In addition, the veteran's right to be granted the statutory preference is constitutionally protected. If it is denied, a cause of action under 42 U.S.C. § 1983 may arise.

I.

In an appeal from a district court's dismissal of an action, we accept all well-pleaded allegations of the complaint as true and construe them liberally in favor of the plaintiff. *Gomez v. Toledo*, 446 U.S. 635, 636 n. 3, 100 S.Ct. 1920, 1921, 64 L.Ed.2d 572 (1980). Particularly when a civil rights violation is alleged, we should not affirm a dismissal at the pleading stage, unless it is readily discerned that the facts cannot support entitlement to relief. *Robb v. City of Philadelphia*, 733 F.2d 286, 290 (3d Cir.1984). With the plaintiff's position so favored, we recite the facts.

Warren C. Carter is a veteran of the armed forces and has been a Philadelphia police officer since 1969. On June 24, 1989, Carter took the civil service promotion examination for the position of police sergeant, received a passing grade and was ranked number 280 on the civil service promotion list.

One hundred twenty-five officers were promoted to sergeant in April, 1990. In August, 1990, the police department notified all individuals on the promotional list that they had the option of taking a special Spanish oral fluency examination. Carter did not take the exam. In June, 1991, 158 additional individuals were promoted to sergeant, including eight who had completed

---

[*] Honorable Joseph H. Rodriguez of the United States District Court for the District of New Jersey, sitting by designation.

the Spanish examination. Six of these eight individuals ranked lower than Carter on the promotional list.[1] The list expired in November, 1991 without any further promotions.

■ Carter instituted this lawsuit on November 18, 1991 by filing a civil action in the Court of Common Pleas of Philadelphia County against the City of Philadelphia, the Police Commissioner, the Director of Personnel and the Acting Director of Personnel. In count IV of the complaint, Carter alleged that, in violation of 42 U.S.C. § 1983, the defendants, acting under color of state law, deprived him of property without due process of law. Carter asserted that a provision of the Pennsylvania Veterans' Preference Act, 51 Pa.Cons.Stat.Ann. § 7104(b),[2] entitles him, as a veteran, to a preference in promotion, that he had a property interest in this promotion and a legitimate claim of entitlement to it. Carter further claimed that the city's utilization of § 9.024 of the Philadelphia Civil Service Regulations,[3] which negates veterans' preference in promotion, was unconstitutionally applied to him and deprived him of his state-law guaranteed property right to promotion to the sergeant's position.[4]

The district court found the Veterans' Preference Act inapplicable to Carter's application for promotion and granted the defendants' motion to dismiss. The remaining counts were remanded to the Philadelphia Court of Common Pleas.

We have jurisdiction under 28 U.S.C. § 1291.

## II.

To establish a valid § 1983 civil rights claim, Carter must demonstrate that the conduct complained of was committed by a person acting under state law and "that the conduct deprived him of rights, privileges or immunities secured by the Constitution." *Robb*, 733 F.2d at 290–91, *citing Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420 (1981).

Neither the defendant city, a municipality, nor the individuals named—Police Commissioner Willie L. Williams, Director of Personnel Orville Jones and Acting Director of Personnel Linda Seyda—challenges the assertion that they are acting under state law and are susceptible to liability. *Owens v. Independence*, 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980); *Monell v. Dep't of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

We, therefore, turn to the issue of whether the city and its officials, in their actions concerning Carter's promotion, violated his constitutional rights. Because the Fourteenth Amendment prohibits a state from depriving an individual of property

---

1. In his complaint, Carter alleges that although these six officers who passed the Spanish test were assigned to areas where special language skills would be needed, the six Spanish-speaking sergeants who had already occupied those positions were transferred to assignments that did not require Spanish fluency. Carter claims, accordingly, that defendants' proffered need to fill the Spanish-speaking positions was pretextual.

2. Section 7104(b) of the Veterans Preference Act states:

   § 7104. Preference in appointment or promotion

   (b) Name on civil service list—Whenever any soldier possesses the requisite qualifications, and his name appears on any eligible or promotional list, certified or furnished as the result of any such civil service examination, the appointing or promoting power in making an appointment or promotion to a public position shall give preference to such soldier, notwithstanding, that his name does not stand highest on the eligible or promotional list.

3. Civil Service Regulation 9.024 explicitly prohibits any veteran's preference in promotions:

   The method of examination, and the rules governing the same, and the method of certifying, shall be the same as provided for applicants for original appointment, except that veterans shall have no preference in promotions.

4. In phrasing his complaint and in presenting his argument, Carter interchangeably posits a secured property right in both a "preference in promotion" and a "promotion." The two, however, are distinct. The Pennsylvania statute clearly bequeaths only the lesser right—that of a preference in promotion—and not an unequivocal right to a promotion to a sergeant's position because of his veteran's status. Carter acknowledged at oral argument that he was seeking only that the preference be applied in his case.

without due process, a constitutional violation can occur if Carter's interest implicates protected property rights.

■ One alleging a property interest in a benefit protected by due process must go beyond showing an unsubstantiated expectation of the benefit. *Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). The plaintiff must demonstrate entitlement to a property interest created expressly by state statute or regulation or arising from government policy or a mutually explicit understanding between a government employer and an employee. *Robb,* 733 F.2d at 292; *Perry v. Sinderman,* 408 U.S. 593, 601, 92 S.Ct. 2694, 2699, 33 L.Ed.2d 570 (1972), *overruled on other grounds, Rust v. Sullivan,* — U.S. —, 111 S.Ct. 1759, 114 L.Ed.2d 233 (1991). Carter must show that his alleged property right has such a basis in state law.

## III.

■ Pennsylvania law currently provides that when a soldier possesses the requisite qualifications and his/her name appears on a list as eligible for promotion, that soldier's request for promotion is entitled to preferential consideration, regardless of his/her ranking on the list. 51 Pa.Cons. Stat.Ann. § 7104(b). The courts of Pennsylvania first addressed the issue of veterans' preference laws in *Commonwealth ex rel. Graham v. Schmid,* 333 Pa. 568, 3 A.2d 701 (1938). In *Schmid,* the Pennsylvania Supreme Court examined two different types of point additions awarded to veterans taking examinations under the civil service provisions in the Third Class City Law. The Court outlined the test to be used in determining the constitutionality of such grade enhancements:

> There must be some reasonable relation between the basis for preference and the object to be obtained, the preference of veterans for the public performance of public duties.
>
> \*     \*     \*     \*     \*     \*
>
> Our conclusion ... is that, so long as the statute requires passage of the examina-

tion a veteran may constitutionally be preferred over a non-veteran whether the statute be directory or mandatory. In either case the minimum qualification for appointment is success in an examination. Its passage satisfies the requirement that appointments of public employees be made only of persons reasonably fitted for the position.

*Id.* 3 A.2d at 704–05. Accordingly, the provision adding 10 points to the scores of veterans who had already passed the examination was upheld and the provision allowing a 15% credit to veterans in advance of taking the exam was stricken.

Thirteen years later, the Pennsylvania Supreme Court examined a provision of the former Pennsylvania Military Code, 51 P.S. § 492.3, which awarded veterans ten additional points in grading civil service promotion exams. *Commonwealth ex rel. Maurer v. O'Neill,* 368 Pa. 369, 83 A.2d 382 (1951). In *O'Neill,* the Pennsylvania Supreme Court did not apply its reasoning in *Schmid* to promotions, holding that:

> We do not doubt but that military training received by veterans during the course of their service renders them superior candidates for public offices of the nature now under consideration [promotion for captain of the Fire Bureau of the City of Philadelphia]. However, we are convinced that the legislature, in authorizing the addition of 10 percentage points to the veterans' final examination marks in all competitive examinations for higher positions than the original appointments, have placed far too high a value on the benefit of the public service of military training of veterans.... To credit veteran examinees in examinations for success of promotions with the same total of gratuitous percentage points as in the instance of their original appointment to a public position is, therefore, a totally unjustified appraisal of the value of their military training and highly prejudicial to public service.

*Id.* 83 A.2d at 383.

Nonetheless, when the Military Code was reenacted in 1976, the provision under scrutiny today—that preferences for promotion

shall be given to veterans who possess the requisite qualifications and whose names appear on an eligibility or promotional list—was unaltered by the Legislature. *See* 51 Pa.Cons.Stat.Ann. § 7104(b).[5] The state law thus continues to sanction veteran preferences to those who possess the necessary qualifications and whose names, like Carter's, appear on a certified promotional list.

Section 7104(b), however, does not set forth how its preference is to be applied in practice. The district court opined that § 7104(b)'s requirement is satisfied if, when choosing between otherwise equally qualified candidates, the appointing authority selects a veteran. The district court, however, did not determine if § 7104(b) conferred a property interest, because it decided that the state law granting the preference was superseded by the City of Philadelphia's Civil Service Regulations. The court identified the Home Rule Act, 53 Pa.Stat.Ann. § 13101 *et seq.*, which provides that when a city, like Philadelphia, adopts a home rule charter that city shall "have complete powers of legislation and administration in relation to its municipal functions," 53 Pa.Cons.Stat.Ann. § 13131, as authority for the preemption.

In a case decided after the district court decision here, *Norristown Fraternal Order of Police v. DeAngelis*, 148 Pa.Cmwlth. 285, 611 A.2d 322 (1992), the Commonwealth Court of Pennsylvania addressed the specific issue of whether a home rule municipality remains governed by state law with respect to police appointments and promotions. Beginning with the presumption that a borough's exercise of power as a home rule municipality is valid if not restricted by acts of the General Assembly or other laws, the court nonetheless emphasized that "home rule municipalities must act according to parameters set by the Home Rule Charter Law." *Id.* at 292, 611 A.2d at 326, *quoting County of Delaware v. Township of Middleton*, 511 Pa. 66, 71, 511 A.2d 811, 814 (1986). Citing to the legislative boundaries of the Home Rule

Charter and Optional Plans Law, 53 Pa. Stat.Ann. § 1–302, the Commonwealth Court determined that the civil service provisions of the *state* law applied to the borough's appointment and promotion of police officers. *Id.*

■ This recent pronouncement by the Commonwealth Court makes clear that promotion of police officers is not a purely municipal function governed by municipal law. Although previous Pennsylvania cases indicated the sanctity of municipal legislation of civil service affairs, *see In re Addison*, 385 Pa. 48, 122 A.2d 272 (1956) (provision of Home Rule Charter governing appeals of civil service decisions not nullified by conflicting general statute), *appeal dismissed*, 352 U.S. 956, 77 S.Ct. 353, 1 L.Ed.2d 316 (1957); *Ebald v. Philadelphia*, 387 Pa. 407, 128 A.2d 352 (1957) (city civil service regulation governing disability compensation is municipal concern and superseded conflicting state statute); *Lennox v. Clark*, 372 Pa. 355, 93 A.2d 834 (1953) (removal or discharge of city employee is municipal matter for which power authorized in Home Rule Charter prevails), these cases are not controlling here. The Pennsylvania Legislature, by the enactment of the exclusivity section of the Veteran's Preference Act, 51 Pa.Cons.Stat.Ann. § 7109, has made clear its intention that this statute was to take precedence over contrary local laws. Section 7109 provides explicitly that:

> This chapter shall be construed as being the exclusive law applying to the Commonwealth, and its political subdivisions, in giving preference to soldiers and appointments or promotion to, or retention in, public provision or in public works.

In none of the cases cited by the district court, where the Home Rule Act was seen to supersede various state laws, did the state statutes in question have similar provisions directing that the statute be uniformly applied throughout the Commonwealth. Thus, the presence of § 7109

---

5. The constitutionality of the preference of § 7104(b) or its prior identical provision in 51 P.S. § 492.4 is not before us, nor does it appear, historically, to have ever been challenged on these grounds before the Commonwealth's appellate courts.

lends a crucial distinction to the analysis here. This restrictive provision can be understood only if its enactment was meant, at least in part, to transcend the various statutes and regulations which detail the rights of veterans employed in civil service. If the lawmakers of the City of Philadelphia could legislate veterans' rights contrary to those guaranteed by the General Assembly, then § 7109 would be rendered meaningless.

Because of the exclusivity provision of § 7109, the City of Philadelphia was without legislative authority to deny veterans a preference in promotion. We conclude, therefore, that § 7104(b) of the Veterans' Preference Act applies here and the Philadelphia Civil Service Regulation, denying the preference in promotion, is invalid because it conflicts with an Act of the General Assembly. Carter, as a veteran who has passed the civil service promotion exam, was entitled to a preference when his promotion was under consideration.

## IV.

■ We next determine whether § 7104(b) of the Veterans' Preference Act confers a constitutionally protected property right upon Carter. The plain meaning of the statute, in unequivocal terms, grants a preference to veterans in promotion. Thus, because Pennsylvania law provides that veterans are to be accorded favorable consideration for promotions, we hold that such preference is to be afforded constitutional protection. See Robb v. City of Philadelphia, 733 F.2d 286 (3d Cir.1984), quoting Roth, 408 U.S. at 577, 92 S.Ct. at 2709 (property interests created and dimensions defined by state law). We caution here that Carter's interest is not in the promotion per se but in being given a preference when his promotion is considered. See n. 4 supra.

Because the clear language of § 7104(b) is controlling, we need not review its legislative history or caselaw on this issue. We note that the cases which the City proffers are not to the contrary. In Robb, we examined the issue of an individual's property interest in a promotion within the Philadel-

phia civil service. We found that Robb's complaint failed to establish an entitlement to the promotion because he did not meet the threshold requirement of establishing his civil service qualifications for the position, nor did his name ever appear on an eligible or certified list for the position. 733 F.2d at 293. Thus, Robb did not possess the minimum criteria for the position he sought, whereas here, Carter met all the requirements for the position. Carter passed the civil service examination and ranked higher on the list than some actually promoted.

In Newark Branch, NAACP, v. Town of Harrison, New Jersey, 940 F.2d 792 (3d Cir.1991), we determined that the amici had not identified a cognizable "constitutionally protected property interest in a specific ranking on an eligibility list compiled for purposes of hiring" since "no such right is recognized by New Jersey statute or New Jersey caselaw." Id. at 810. So too, in Petru v. City of Berwyn, 872 F.2d 1359, 1364 (7th Cir.1989), there was no statutory or regulatory provision which would confer a property interest in the petitioner's appointment to a position as a city firefighter. The municipal code did not obligate the city to make an appointment at any particular time. The issue in Petru was whether to hire—a decision in which the city was vested with discretion, as opposed to whom to promote—an area in which Pennsylvania law has dictated that veterans be given preference.

Finally, in United States v. City of Chicago, 869 F.2d 1033 (7th Cir.1989), the Court of Appeals of the Seventh Circuit found that a candidate lacked a property interest in his ranking on a promotion list where the ranking was based in part upon subjective discretionary performance ratings. Like Petru, no state statute afforded any property right in the ranking on the list, and, in fact, the municipal code granted the promoting authorities "unfettered discretion to choose from among the five highest rated applicants for each available promotion." Id. at 1036. Thus, in none of these cases did state law make specific provision for appointment or preference on

promotion as does the Pennsylvania Veterans' Preference statute here. Carter, unlike the petitioners in *Robb, Harrison, Petru,* and *Chicago,* had a legitimate entitlement, a protected property interest, to preferential treatment because of the presence of § 7104(b).[6]

### V.

█ Because we conclude that § 7104(b) does confer a protected property interest to veterans, we must remand this appeal to the district court for it to determine how the preference should operate. It may be that the preference was applied, or, if not applied, that those promoted over Carter possessed special qualifications which would support their out-of-order promotion. We note that Philadelphia Civil Service Regulation 11.031, which is not challenged here, allows the appointing authorities to promote those with special experience above others on the list who did not possess the particular qualification. Utilization of this regulation is, of course, dependent upon a finding that the need for sergeants with specific expertise is a valid one—a task reserved for the district court.

For the reasons stated above, we will vacate the order of the district court and remand the matter for further proceedings.

---

**6.** Also, in *Webster v. Redmond,* 599 F.2d 793 (7th Cir.1979), in holding that there was no indication in Illinois law that possession of a certificate from a Board of Education examiner meant anything more than that one is to be placed on the eligibility list and considered at the appropriate time, the court of appeals opined that a claim of entitlement to a promotion, sufficient to evoke constitutional protection, must be based on surer footing. The court mentioned in a footnote that a possible source for evoking constitutional protection would be a state statute. *Id.* at 801, n. 13.