**Walter J. SWINEHART, Appellant,**

v.

**Honorable R. Barry MCANDREWS, Individually and as President Judge of the Seventh Judicial District of Pennsylvania and Charles A. Carey, Jr., Individually and as Deputy Court Administrator of the Seventh Judicial District of Pennsylvania.**

No. 02–3515.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit L.A.R. 34.1(a) April 11, 2003.

Decided May 2, 2003.

Before: ALITO and FUENTES, Circuit Judges and PISANO,* District Judge.

\* The Honorable Joel A. Pisano, United States District Judge for the District of New Jersey, sitting by designation.

## OPINION OF THE COURT

FUENTES, Circuit Judge.

Plaintiff Walter J. Swinehart appeals the District Court's grant of summary judgment in favor of defendants, R. Barry McAndrews, the president judge of the Seventh Judicial District of Pennsylvania, and Charles A. Carey, Jr., the deputy court administrator of the District, on his 42 U.S.C. § 1983 claims. Plaintiff asserts that the District Court erred in concluding that defendants did not violate his due process rights when defendants directed, without first holding a hearing, that he was to receive no work from any court or court related department in the Seventh Judicial District. Because we agree with the District Court that Swinehart did not have a protected property interest in continuing to receive assignments from the Seventh Judicial District, we will affirm.

### I. *Facts and Procedural Background*

The factual allegations underlying this case are well known to the parties, and therefore, they are not detailed here, except to the extent that they directly bear upon the analysis. Swinehart is a constable, duly elected under the laws of the Commonwealth of Pennsylvania. After receiving a complaint against Swinehart based on the manner in which he conducted himself while serving a warrant for non-payment of child support, Judge McAndrews instructed deputy court administrator Carey to advise district justices in Bucks County that Swinehart was not to be issued any additional work assignments. At the direction of Judge McAndrews, Carey forwarded a copy of the complaint about Swinehart to the Bucks County Director of Domestic Relations and the Chief Domestic Relations Investigative Officer and advised them that Swinehart was not to receive assignment from the district courts because he

had been involved in a similar incident in the recent past. Prior to the issuance of the directives, Swinehart was contacted frequently by the Seventh Judicial District to serve warrants within the District and throughout Pennsylvania. He was compensated for his work on a fee for services basis. In his complaint, Swinehart asserted that, as a result of the directives, he lost 95% of his work, which amounted to approximately $1,000 a week, and that, because his reputation was harmed, he was unable to secure work in neighboring districts. On May 9, 2001, Swinehart brought suit under 42 U.S.C. § 1983 and 13 Pa. Cons.Stat. Ann. § 1 *et seq.*, alleging that defendants violated his due process rights by issuing directives to district judges of Bucks County and to the Domestic Relations Department and possibly other departments of Bucks County, directing that he be given no assignments.

Specifically, in the first count of plaintiff's complaint, he alleged that defendants deprived him of his right of liberty without due process of law in violation of state and federal law. In the second count, plaintiff alleged that defendants caused him to suffer loss of reputation in the community and prevented him from earning a living in the profession in which he is trained. In the third and final count of his complaint, plaintiff alleged that defendants deprived him of property rights arising out of his position as a constable without due process of law.

After discovery was completed, the parties filed cross-motions for summary judgment. The District Court granted summary judgment in favor of defendants on the grounds that plaintiff had not identified a liberty or property interest in his position as constable and had not demonstrated that defendants failed to provide him with appropriate process to safeguard

his reputation. Swinehart timely appealed.

## II. *Jurisdiction and Standard of Review*

The District Court had jurisdiction pursuant to 28 U.S.C. § 1331. We have jurisdiction pursuant to 28 U.S.C. § 1291.

The standard of review applicable to an order granting summary judgment is plenary. *See Curley v. Klem,* 298 F.3d 271, 276–77 (3d Cir.2002). We apply the same test employed by a District Court under Federal Rule of Civil Procedure 56(c). *See Kelley v. TYK Refractories Co.,* 860 F.2d 1188, 1192 (3d Cir.1988). Accordingly, the District Court's grant of summary judgment in favor of the defendants was proper only if it appears that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). In evaluating the evidence, we are required "to view [the] inferences to be drawn from the underlying facts in the light most favorable to the party opposing the motion." *Bartnicki v. Vopper,* 200 F.3d 109, 114 (3d Cir.1999) (citation omitted).

## III. *Discussion*

Swinehart asserts on appeal that the District Court erred in concluding that defendants did not deprive him of his property rights without due process of law. He asserts that the Pennsylvania Supreme Court has held that constables are part of the executive branch of government and, therefore, may not be placed under the supervisory authority of the judicial branch of government. *See In re Act 147 of 1990,* 528 Pa. 460, 598 A.2d 985 (Pa. 1991). Swinehart asserts that, therefore, absent a hearing concerning whether he committed acts which justified his total removal from office, he had the right to serve as a constable without limitation of his duties or responsibilities by the defendants.

We agree with the District Court that defendants are entitled to summary judgment because they did not deprive Swinehart of a property interest which implicates due process concerns. "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property. When protected interests are implicated, the right to some kind of prior hearing is paramount. But the range of interests protected by procedural due process is not infinite." *Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 569–70, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). In *Piecknick v. Commonwealth of Pennsylvania,* 36 F.3d 1250 (3d Cir.1994), we explained that, in order to demonstrate that an expected benefit is a property interest for due process purposes, a plaintiff must demonstrate "entitlement to a property interest created expressly by state statute or regulation or arising from government policy or a mutually explicit understanding between a government employer and an employee." *Id.* at 1256 (citing *Carter v. City of Philadelphia,* 989 F.2d 117, 120 (3d Cir.1993)). Here, plaintiff does not identify a property interest in receiving work from the Seventh Judicial District.

Under Pennsylvania Law, constables are considered to be independent contractors. *See In re Act 147 of 1990,* 528 Pa. at 463, 598 A.2d at 986. They do not receive salaries, but instead, are paid on a per job basis. *See Commonwealth v. Roose,* 456 Pa.Super. 238, 240, 690 A.2d 268, 269 (Pa.Super.1997). Indeed, plaintiff concedes that he has no right to secure any particular assignment and cannot demand work from any court or agency of the

Seventh Judicial District. Plaintiff asserts, rather, that the property interest implicated by defendants' actions is his right to have his services sought, state wide, without restriction.

We agree with the District Court that the state court's directives were consistent with the supervisory authority of Judge McAndrews, as president judge, over justices within the Seventh Judicial District. While the directives may have made it more difficult for Swinehart to secure work from other sources, defendants did not deprive him of a protected property interest by issuing them because plaintiff has no constitutional property interest in receiving assignments in the Seventh Judicial District or elsewhere. "It is the liberty to pursue a particular calling or occupation and not the right to a specific job that is protected by the Fourteenth Amendment." *Piecknick v. Commonwealth of Pennsylvania*, 36 F.3d at 1262.

### IV. *Conclusion*

After carefully reviewing the arguments of the parties and applicable law, we affirm the District Court's grant of summary judgment in favor of defendants for substantially the reasons set forth in the District Court's thorough and well-reasoned opinion.