

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-2-2005

# Alexander v. Gennarini

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3781

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Alexander v. Gennarini" (2005). *2005 Decisions.* Paper 750.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/750

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CPS-236                                                                                           **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-3781
_____

ANTONIO ALEXANDER,

Appellant


v.


SALLY A. GENNARINI;
EDWARD J. KLEM;
SHARON M. BURKS


_____


On Appeal From the United States District Court
For the Middle District of Pennsylvania
(M.D. Pa. Civ. No. 04-cv-1964)
District Judge: Honorable Malcolm Muir
_____


Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
May 12, 2005

Before:   ALITO, McKEE and AMBRO, <u>Circuit</u> <u>Judges</u>

(Filed August 2, 2005)
_____

OPINION
_____


PER CURIAM

        Appellant Antonio Alexander, a prisoner incarcerated at the State Correctional

Institution in Dallas, Pennsylvania, filed a pro se civil rights action under 42 U.S.C. § 1983, alleging that his due process rights were violated when Defendants, employees at the State Correctional Institution at Mahanoy, delayed the delivery of a package that had been sent to him, thus depriving him of his personal property.[1] Alexander sought injunctive relief and punitive damages. The United States District Court for the Middle District of Pennsylvania dismissed his complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Alexander appeals, again pro se.

Our review of the District Court's dismissal under § 1915(e)(2)(B)(i) is plenary.[2] See Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003); Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We can affirm the District Court on any basis supported in the record. See Fairview Township v. EPA, 773, F.2d 517, 524 n.15 (3d Cir. 1985). As the complaint does not appear factually frivolous, we accept as true its factual allegations and all reasonable inferences that can be drawn from them. See Denton v. Hernandez, 504 U.S. 25, 32 (1992); Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996).

To bring a claim under 42 U.S.C. § 1983, Alexander must demonstrate that, while acting under color of state law, Defendants deprived him of a right, privilege, or immunity protected by the Constitution or by a federal statute. See Carter v. City of Philadelphia,

[1]Inasmuch as we are writing only for the parties, we need not set forth the factual and procedural background of this matter, except as it may be helpful to our discussion.

[2]Although a dismissal without prejudice is ordinarily not appealable, such dismissals pursuant to § 1915 are appealable. See Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1985).

2

989 F.2d 117, 119 (3d Cir. 1993). As the District Court correctly noted, to be liable under § 1983, a defendant must have personal involvement in the alleged wrongdoings. See Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988). Section 1983 liability cannot be found solely on the basis of respondeat superior. See id. The District Court properly dismissed Alexander's claims as against Defendants Klem and Burks, as the allegations related to these defendants merely assert their involvement in the post-incident grievance process.

The District Court's dismissal of the claims against Defendant Gennarini, the only remaining defendant, was likewise proper. A prisoner's due process claim based on random and unauthorized deprivation of property by a state actor is not actionable under § 1983, whether the deprivation is negligent or intentional, unless there is no adequate post-deprivation remedy available. See Parratt v. Taylor, 451 U.S. 527, 542 (1981) overruled on other grounds by 474 U.S. 327 (1986); Hudson v. Palmer, 468 U.S. 517, 533 (1984). As noted by the District Court, Alexander availed himself of an adequate post-deprivation remedy when he utilized the prison's internal grievance system. See Tillman v. Lebanon County Correctional Facility, 221 F.3d 410, 422 (3d Cir. 2000). Alexander could also have filed a state tort suit for conversion of property. See Hudson, 468 U.S. at 535.

On appeal, Alexander argues that the District Court did not address his claims under the First or Eighth Amendments. Alexander fails to specify how his rights under either of these Amendments were violated. However, as pro se pleadings must be liberally

3

construed, we attempt to glean his arguments from the complaint.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Alexander alleges "intentional interference with a prisoner's mail rights."  To the extent that this allegation can be construed as a free speech claim, we recognize that prisoners retain a constitutionally protected right to reasonable correspondence with the outside world.  See  Procunier v. Martinez, 416 U.S. 396, 418 (1974), overruled on other grounds, 490 U.S. 401 (1989).  However, a single instance of damaged or withheld mail does not constitute a First Amendment violation.  See Bieregu v. Reno, 59 F.3d 1445, 1452 (3d. Cir. 1995), overruled on other grounds, 518 U.S. 343 (1996).  Alexander's complaint fails to allege any facts which could support a valid claim under the Eighth Amendment.

We will dismiss this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), as it is based on an indisputably meritless legal theory.  See Neitzke v. Williams, 490 U.S. 319, 325 (1989).